Dear Senator Jones:
You have asked this office to advise whether a justice of the peace may seek the elected office of parish clerk of court without resigning his position as justice of the peace.
R.S. 42:39 states:
 Judges; ineligibility to become candidate for other elective office; conditions and exceptions
 A. After July 31, 1968, no person serving in or elected or appointed to the office of judge of any court, justices of the peace excepted, shall be eligible to hold or become a candidate for any national, state or local elective office of any kind whatsoever, including any national, state or local office in any political party organization, other than a candidate for the office of judge for the same or any other court.
 B. The provisions of Subsection (A) of this section shall not be construed as prohibiting any person from resigning from his office as judge of any court for the purpose of becoming a candidate for nomination or election to any national, state or local elective office for which he is qualified and eligible; provided, however, that the resignation of any such person shall be and is made not less than twenty-four hours prior to the date on which he qualifies as a candidate for nomination or election to the office to which he seeks nomination or election.
 C. If any judge elected or appointed, justice of the peace excepted, qualifies for any other elective position, other than those allowed by *Page 2 
the provisions of this section, without complying with the provisions of Subsection (B) set forth above, his qualification as a candidate for the other office shall ipso facto be null and void.
R.S. 42:39 excepts justices of the peace from the imposed restrictions of the statute. Thus, a justice of the peace is not prohibited by R.S.42:39 from running for parish elected office while maintaining his position as justice of the peace. See Attorney General Opinion 99-76, copy attached.
However, justices of the peace are subject to the Code of Judicial Conduct. Canon 7 of the Code of Judicial Conduct states in Subsection I:
 Candidacy for Non-Judicial Office
 I. A judge shall resign his or her office when the judge becomes a candidate either in a party primary or in a general election for a non-judicial office, except that a judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention, if the judge is otherwise permitted by law to do so.
The rendering of opinions concerning the Code of Judicial Conduct is within the authority of the Judiciary Commission. See Attorney General Opinion 91-257, copy attached. For this reason, we direct your inquiry to Dr. Hugh M. Collins, Judiciary Commission, 400 Royal Street, Suite 1190, New Orleans, LA 70130-8101; telephone 504-310-2550.
Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 3 
 OPINION NUMBER 99-76
Dear Judge Marchand:
57 JUSTICES OF THE PEACE
R.S. 42:39
R.S. 42:39 does not prohibit a justice of the peace from running for a parish office while maintaining his position as justice of the peace. Opinions regarding interpretations of the Code of Judicial Ethics should be directed to the Judicial Commission of Louisiana.
Hon. J. Harold Marchand Justice of the Peace 2nd Justice Court Parish of Ascension 13442 L. Landry Road Gonzales, LA 70737
This office is in receipt of your opinion request in which you ask if it is permissible for a justice of the peace to run for a parish office while maintaining the position as justice of the peace.
R.S. 42:39 states, in pertinent part:
 § 39. Judges; ineligibility to become candidate for other elective office; conditions and exceptions
 A. After July 31, 1968, no person serving in or elected or appointed to the office of judge of any court, justices of the peace excepted, shall be eligible to hold or become a candidate for any national, state or local elective office of any kind whatsoever, including any national, state or local office in any political party organization, other than a candidate for the office of judge for the same or any other court.
Given that the above statute clearly states "justices of the peace excepted", it is our opinion that a justice of the peace is not legally prohibited from running for a parish office while maintaining the position as justice of the peace.
Please note that as the justice of the peace, you are also governed by the Code of Judicial Ethics. For opinions regarding this issue under that Code, please contact the Judiciary Commission of Louisiana, 601 St. Charles Avenue, New Orleans, LA 70130. Also note that if you are elected to a parish office, you could not hold two (2) elected *Page 4 
positions concurrently and would likely have to resign from one or the other of the elected positions.
We hope the foregoing sufficiently addresses your concern. If our office may be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ J. RICHARD WILLIAMS Assistant Attorney General
 RPI/JRW:bb *Page 5 
July 29, 1991.
Opinion 91-257
Mr. S. L. "Rickey" Wilson, Jr. Justice of the Peace East Carroll Parish 1800 Lake Street Lake Providence, La.
Dear Mr. Wilson:
Your letter of inquiry has been directed to me for research and response. You have asked the following four questions:
 1. "Is a justice of the peace required to resign in order to run for tax assessor or could he take a leave of absence?"
 2. "If the justice of the peace is working under the authorization of the coroner, does this engagement stop if the justice of the peace should resign or take a leave of absence?"
 3. If the justice of the peace resigns to run for another political office and loose, can he qualify to run for justice of the peace in the special election?"
 4. "Should it be necessary for the J. P. to resign in order to be eligible to run for other public office, when should the resignation be tendered?" *Page 6 
We are not aware of any statutory requirement which would require a justice of the peace to resign that office prior to seeking another elective office. However, as I am sure you are aware, justices of the peace are subject to the Code of Judicial Conduct. Cannon 7, Subsection(A)(3), reads as follows:
 " . . . a judge should resign his office when he becomes a candidate either in a party primary or in a general election for a non-judicial office. . . ."
Therefore it would appear that under the Code of Judicial Conduct a justice of the peace would have to resign that position as soon as he became a candidate for another office. We note, however, that the language of Cannon 7, Sub-part(A)(3) contains the word "should" rather than the word "shall" or the word "must". While the word "should" is a discretionary term rather than a mandatory term, we cannot say that the Judiciary Commission would not interpret the language of the Cannon, as meaning a judge "must" resign his office when he becomes a candidate for another elected position. Since the rendering of opinions on the Judicial Code of Conduct is generally the responsibility of the Judiciary Commission, we must decline to render an opinion interpreting Cannon 7 of the Code of Judicial Conduct.
Since justices of the peace are clearly subject to the Code of Judicial Conduct, and since there is a good chance that the Judiciary Commission is likely to interpret the language of Cannon 7 as being mandatory, we strongly recommend that you write to the Judiciary Commission for an opinion resolving this matter. You can write to the Judiciary Commission in care of Mr. Hugh Collins, Judicial Administrator, 301 Loyola Avenue,Room 109, New Orleans, La. 70112.
I would be most grateful if, when you have received a reply from the Judiciary Commission, you would advise me of their decision, so that I might share this information with other justices of the peace who are contemplating seeking other elective offices. *Page 7 
I am afraid that your second question does not provide us with enough information, about the specific work you are doing for the coroner, to enable us to render an opinion on the specific work in question. However, if I may make the assumption that you have been performing functions authorized by LSA-R.S. 33:1553, I can give you some assistance. R.S. 33:1553 authorizes a justice of the peace to perform such duties of a coroner, as a coroner may request and authorize him to perform. The authorization granted by this statute is only for a justice of the peace. Therefore, if one resigns the office of justice of the peace then, clearly, that individual could no longer be authorized to perform the duties previously assigned to him by the coroner.
Your third question asks whether a justice of the peace who resigns his office may later qualify to run in the special election to fill the position. LSA-R.S. 13:2582(E) and LSA-R.S. 42:39.2 prohibit anyone appointed to fill a vacancy in the office of justice of the peace from qualifying, being elected, or holding the office of justice of the peace. However, so long as a justice of the peace resigns his office and is not thereafter appointed to fill the vacancy created by his prior resignation, we are aware of no prohibition against his running for election to the office when the next regular or special election is held to fill the vacancy.
We are unable to give you a definite answer to your fourth question. I would again refer you to Cannon 7 of the Code Judicial of Conduct. As noted above, Subsection(A)(3), provides that "a judge should resign his office when he become a candidate. . . ." (Emphasis Added). Precisely at what moment or upon the occurrence of what event one becomes a candidate, *Page 4 
is not clear. It would seem reasonable to assume that one may become so involved in campaigning as to render oneself a candidate, without taking any formal action. However, it would certainly seem that upon officially qualifying for an office one definitely becomes a candidate. It would appear that this too, is a question which you should address to the Judiciary Commission. I would again urge you to write to the Judiciary Commission for a ruling on your questions one and four.
I believe that the forgoing answers your questions, in so for as we are in position to opine on them. However, if additional information is needed, please do not hesitate to contact us.
 Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ JAMES A. SMITH, II Assistant Attorney General
 JAS, II:pb 2167s